KELLY, Circuit Judge,
dissenting.
Because I do not believe the officers are entitled to qualified immunity for the search of Doe’s room or the search and seizure of his vehicle and computer, I respectfully dissent. Doe’s challenge to the search of his room presents two separate constitutional issues, “one concerning the validity of the warrant and the other concerning the reasonableness of the manner in which it was executed.” Maryland v. Garrison, 480 U.S. 79, 84, 107 S.Ct. 1013, 94 L.Ed.2d 72 (1987). Even if the warrant was sufficiently particular to be valid, I believe that its execution violated Doe’s clearly established constitutional rights.
Federal courts have consistently held that if officers obtain a warrant to search a building containing a single residential unit, and discover or reasonably should discover during the execution of the warrant that the building actually contains multiple residential units, they are required to limit their search to the unit or units for which they have specific probable cause. E.g., id. at 86-87, 107 S.Ct. 1013; United States v. Williams, 917 F.2d 1088, 1092 (8th Cir. 1990); United States v. Ger *276 aldo, 271 F.3d 1112, 1118 (D.C. Cir. 2001); Jacobs v. Chicago, 215 F.3d 758, 768-69 (7th Cir. 2000). Here, once the officers arrived at the building named in the warrant, they realized it had been subdivided into separate units, with as many as eleven tenants and subtenants. All eleven could access the building’s .wireless internet, and the officers had no information leading them to any particular unit, tenant, or device. Therefore, the chance of finding child pornography in any single residential unit — including Doe’s rented room — was substantially less than the “fair probability” required for probable cause, and the execution of the warrant was objectively unreasonable.
I also believe that the search and seizure of Doe’s vehicle and computer violated his clearly established constitutional rights. The only evidence suggesting that Doe might be the person who downloaded the child pornography was that he .was one of at least eleven people who could access his building’s wireless internet, and that he had a laptop computer in his vehicle. This evidence falls far short of establishing probable cause, and “no reasonably competent officer would have concluded that a warrant should issue.” Messerschmidt, 565 U.S. at 547, 132 S.Ct. 1235 (quoting Malley v. Briggs, 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986)). Because the search of Doe’s vehicle and computer was not supported by probable cause, I believe the two-and-a-half-hour-long detention of his vehicle and computer was likewise unlawful. See United States v. Place, 462 U.S. 696, 709-10, 103 S.Ct. 2637, 77 L.Ed.2d 110 (1983) (concluding that a ninety-minute detention of luggage that was not supported by probable cause violated the Fourth Amendment). For these reasons, I believe the officers are not entitled to qualified immunity, and would reverse the district court’s grant of summary judgment.